**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 08-20039-CM** |
| **DARRELL LAWSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On March 27, 2008, the government indicted Darrell Lawson on one count of possessing with intent to distribute more than fifty grams of crack cocaine. This charge is based on evidence found during a July 9, 2007 search of defendant's house. On July 21, 2008, this court denied defendant's motion to suppress evidence seized during the July 9, 2007 search. The case is now before the court on defendant's Motion for Reconsideration (Doc. 35).

**I.      Judgment Standards**[1]

Because motions to reconsider in the criminal context are rare and not explicitly provided for by the Federal Rules of Criminal Procedure, courts in this district apply the standards for evaluating a motion to reconsider in the civil context to such motions. *E.g., United States v. Carr*, No. 06-40147-02-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2007); *United States v. Anderson*, Nos. 03-3009-JWL, 98-20030-01-JWL, 2003 WL 22436270, at *2 (D. Kan. Oct. 22, 2003) (applying D. Kan. R. 7.3). Whether to grant or deny a motion for reconsideration is committed to the court's

---

[1]  The factual background is set forth in detail in the court's July 21, 2008 Memorandum and Order (Doc. 33). Defendant does not challenge the court's prior description of the facts.

discretion.  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997);  *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the  court has mistakenly decided issues outside of those the parties presented for  determination.").  "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505.

Here, defendant argues that the court misapplied the facts and law by "[going] beyond the information submitted in the warrant application in considering the validity of the warrant contrary to *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560 (1971)."  This argument—that the court's analysis of the protective sweep should be limited to only facts appearing in the affidavit—does not appear explicitly in defendant's prior briefing or oral argument.  In its prior ruling the court included a footnote highlighting this omission:

> The court notes that the chronology of events in the affidavit differs from the facts presented during the hearing.  Defendant, however, has not argued or established that Task Force Officer Jones drafted these inaccuracies knowingly or with a reckless disregard for the truth.  *See Franks v. Delaware*, 438 U.S. 154 (1978). Accordingly, the court considers these discrepancies to be insubstantial mistakes and limits its review to defendant's argument that the protective sweep was unjustified.

(Doc. 33 at 14 n.4).  While the court could consider the present motion as defendant's "failure to

present [his] strongest case in the first instance," the court, instead, considers the motion on its

merits.  Accordingly, the court understands defendant's argument to imply that reconsideration is

necessary to correct clear error or prevent manifest injustice.

**II.     Analysis**

    In this court's prior ruling, it stated, in relevant part:

> The chronology of events related to the protective sweep in the affidavit . . .
> implicates Ms. Thomas's consent.  According to the affidavit, "[w]hile taking
> [defendant] into custody, Deputies came into contact with Sharon Thomas who came
> from the upstairs master bedroom."  After explaining the basis for defendant's arrest,
> "Deputy Cahill provided Thomas with a consent to search form and asked if she
> would allow Deputies to search the residence for narcotics[;] Thomas signed the
> consent to search form . . . ."  The discussion between Thomas and Cahill about
> where narcotics in the house could be found followed.  This included all descriptions
> of the trunk and the locating of the key to the lock.  After all of these events,
> according to the affidavit, "at that time, Deputies began to clear the residence for
> additional persons."  During the protective sweep, deputies observed drug
> paraphernalia.  Thus, while the court rejects Ms. Thomas's consent as a basis for
> searching the house, the affidavit indicates that the officers observed drug
> paraphernalia during a protective sweep.
> ...
> A protective sweep is defined as a "quick and limited search of the premises,
> incident to an arrest and conducted to protect the safety of police officers or others."
> *Maryland v. Buie*, 494 U.S. 325, 327 (1990).  To conduct a protective sweep requires
> that the circumstances indicate "'articulable facts which, taken together with the
> rational inferences from those facts, would warrant a reasonably prudent officer in
> believing that the area to be swept harbors an individual posing a danger to those on
> the arrest scene.'" *United States v. Hauk*, 412 F.3d 1179, 1185–86 (10th Cir. 2005)
> (quoting *Buie*, 494 U.S. at 334).
> ...
> Here, the totality of the circumstances supports an objectively reasonable
> basis for a protective sweep.  First, defendant violated his probation by testing
> positive for narcotics.  Second, defendant had a lengthy criminal history.  Third,
> multiple vehicles were parked in front of the house.  Fourth, defendant initially
> refused to open the door and delayed the deputies' entry into the house. *See Hauk*,
> 412 F.3d at 1192 ("Mr. Hauk's effort to retreat into his house reinforced the officers'
> reasonable suspicion that the situation was dangerous.  At the very least, forcible
> resistance by the subject of a warrant justifies an officer's suspicion that the arrestee
> has not given up on crime.").  Fifth, during this delay, tensions between defendant
> and the deputies escalated.  Sixth, defendant said there was someone else in the
> house.  This set of facts is sufficient to justify a protective sweep. *See Hauk*, 412

F.3d at 1192 (listing similar factors that when "viewed as a totality" justify a protective sweep).

  Because the protective sweep was justified, the search was reasonable and did not violate defendant's Fourth Amendment rights. Consequently, the information obtained as a result of the protective sweep should not be removed from the affidavit. The observations of a "small baggie of suspected cocaine sitting on a handrail, as a well as a digital scale [appearing to have cocaine residue on top of it] sitting on top of trash in an open trash can in plain view" are part of the court's determination of whether probable cause supported the warrant.

(Doc. 33 at 14–16).

  Defendant argues that this analysis is flawed for two reasons. First, defendant argues that the chronology in the affidavit indicates that the sweep of the residence was related to the consent. Because the court found the consent to be involuntary, the statements of observations during the sweep should also be removed from the affidavit. Second, defendant argues that because the court considered the protective sweep under facts presented during the suppression hearing instead of as they appear in the affidavit supporting the search warrant, the court incorrectly permitted statements regarding observations made during the sweep to remain in the affidavit.

  The government responds that defendant's assertion that the protective sweep occurred because of the consent is incorrect. The government concludes that "[r]egardless of whether the affidavit is read to mean that the protective sweep occurred before or after the conversation with Ms. Thomas, it contained sufficient probable cause after the removal of the information obtained pursuant to her consent."

  The court rejects defendant's first argument. The court earlier acknowledged that "the chronology of events related to the protective sweep in the affidavit . . . implicates Ms. Thomas's consent." However, the court concluded: "while the court rejects Ms. Thomas's consent as a basis for searching the house, the affidavit indicates that the officers observed drug paraphernalia during a protective sweep." As before, the court reads the affidavit statement "at that time, Deputies began to

clear the residence for additional persons" to be a basis for searching the house independent from the involuntary consent.

The court also rejects defendant's second argument because it misapplies the cited language in *Whiteley*.  Defendant states, "Under the *Whiteley* case, the validity of the warrant is determined on the basis of the information submitted to the issuing magistrate. Other information, known to the requesting officer but not disclosed, cannot be considered, or used to rehabilitate a defective application."  (Doc. 35 at 1) (citing *Whiteley*, 401 U.S at [5]65, n. 8) ("footnote 8").  The Tenth Circuit and other courts in this district, however, have applied and cited this same language for tests to determine if probable cause existed to support a warrant.  *E.g., Wilins v. DeReyes*, 528 F.3d 790, 802 (10th Cir. 2008) (citing "footnote 8" for the statement "Judicial determination becomes a misnomer if information required to support probable cause remains at all times firmly lodged in the officer's head."); *United States v. Beck*, 139 F. App'x 950, 954 (10th Cir. 2005) (citing "footnote 8" for the statement "Where the police do not present oral testimony to the reviewing magistrate, the appellate court must ascertain the existence of probable cause to support a warrant exclusively from the affidavit's four corners"); *United States v. Guerrero*, No. 07-40156-01-SAC, 2008 WL 2549010, at *3 (D. Kan. June 24, 2008) (citing "footnote 8" for the statement "[T]he reviewing court . . . determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners.").

Here, the court did not consider information beyond what appeared in the affidavit to determine if probable cause existed.  Instead, the court considered information beyond what appeared in the affidavit to determine whether the protective sweep was justified.  By necessity, these are separate inquiries.  The extraneous facts defendant cites—the presence of another unknown person and multiple vehicles—were unrelated to whether probable cause existed to support a search

warrant related to narcotics in this case.  They were applied only in the context of the protective sweep.  Thus, the court's prior analysis did not violate "footnote 8."

Because the court finds reconsideration is not necessary to correct clear error or prevent manifest injustice, the court denies defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's Motion for Reconsideration (Doc. 35) is denied.

Dated this <u>15th</u> day of August 2008, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**